# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BOULTON<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN TRANSFER SERVICES, INC., U.S. TAX LIEN ASSOCIATION, STEVE CLEMENTS, TONY MARTINEZ, SAEN HIGGINS, SPIKE HUMER, RICHARD MEDINA, JR., ANA GUERRA DURAN, RUBEN SANCHEZ,<br><br>    Defendant. | CASE NO. 14cv00175-GPC-RBB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[Dkt. Nos. 26, 29.] |

## INTRODUCTION

Before the Court is Plaintiff Kerry Boulton's ("Plaintiff") Motion for Leave to File a Second Amended Complaint pursuant to Federal of Civil Procedure ("Rule") 15(a). (Dkt. No. 26.) Plaintiff seeks to add a civil RICO cause of action and to add additional Plaintiffs. (Dkt. No. 26.) Defendants Ruben Sanchez and American Transfer Services, Inc.("ATS") also filed a motion to dismiss the first amended complaint. (Dkt. No. 29.) The motion is submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). Based on the reasoning below, the Court **GRANTS in part and DENIES in part** Plaintiff's motion for leave to file a

second amended complaint. Additionally, the Court **DENIES** Defendants Sanchez and ATS's Motion to Dismiss for Failure to State a Claim as moot.

## FACTUAL BACKGROUND

Plaintiff is a resident of Melbourne, Australia. (Dkt. No. 17, FAC ¶ 7.) In the first amended complaint Plaintiff alleges Defendants ATS and Sanchez, as an employee of ATS, fraudulently induced Plaintiff to purchase tax liens and/or tax deeds in the United States. (Id. ¶ .) Defendant ATS purports to be a company "that will open up a business for foreign citizens to acquire interests in real estate related to tax liens and/or tax deeds for profit" by providing Sole Proprietorship Registration, U.S. Employer Identification number, U.S. Banking Facilitation and a U.S. mailing address. (Id. ¶¶ 12, 13.) Defendants receive funds from foreigners to "open and (sic) account" and then takes controls of the funds. (Id. ¶ 15.) Defendants claim they will arrange for transfers between appropriate bank accounts to pay ATS its fees and for Plaintiff to have funds available to make investments in U.S. tax liens and tax deeds. (Id.) ATS asks for money to be wired to an ATS account and then ATS will set up sub-accounts for the clients to transfer money into in order to make the investments. (Id. ¶ 16.) These representations were made to Plaintiff. (Id. ¶ 14.)

Plaintiff provided the total of $156,000 to Defendants in two installments of $1,000 and $155,000. (Id. ¶ 19.) Defendants assumed control of the funds and never transferred them to the purported "sub account" which would have been made available to her to exercise the proper control. (Id. ¶ 20.) She has made numerous demands for the return of her funds which have failed. (Id. ¶ 21.) Plaintiff alleges causes of action for breach of contract, conversion and money had and received.

## PROCEDURAL BACKGROUND

On January 24, 2014, Plaintiff filed a complaint against Defendants ATS, Steve Clements, Ana Guerra Duran, Saen Higgins, Spike Humer, Tony Martinez, Richard Medina, Jr., Ruben Sanchez, and U.S. Tax Lien Association for (1) money had and received, (2) conspiracy through conversion, (3) breach of contract, (4) fraud, and (5)

1  fraud–promise without intent to perform. (Dkt. No. 1.) On March 4, 2014, Defendant
2  Richard Medina, Jr. filed a Motion to Dismiss for Failure to State a Claim. (Dkt. No.
3  14.) On the same date, Defendants Ana Guerra Duran and Ruben Sanchez filed a
4  Motion to Dismiss for Failure to State a Claim.

5        On March 25, 2014, Plaintiff filed a first amended complaint ("FAC") against
6  Defendants ATS and Ruben Sanchez. (Dkt. NO. 17.) On April 28, 2014, the Court
7  denied Defendants Ruben Sanchez and Anna Guerra Duran's motion to dismiss the
8  original complaint as moot. (Dkt. No. 23.) On May 2, 2014, Plaintiff filed a Notice
9  of Voluntary Dismissal as to Defendant Ana Guerra Duran. (Dkt. No. 24.)

10       On June 10, 2014, Plaintiff filed a Motion for Leave to File Amended Complaint
11 to Add a Claim for Civil RICO and Additional Plaintiffs. (Dkt. No. 26.) On June 27,
12 2014, Defendants Ruben Sanchez and ATS filed an opposition. (Dkt. No. 28.) On July
13 11, 2014, Plaintiff filed a Reply. (Dkt. No. 31.)

14       On July 1, 2014, Defendants Ruben Sanchez and ATS filed a Motion to Dismiss
15 for Failure to State a Claim. (Dkt. No. 29.) On July 15, 2014, Plaintiff filed an
16 opposition. (Dkt. No. 32.) On July 22, 2014, Defendant filed a reply. (Dkt. No. 33.)

17                            **DISCUSSION**

18 **I.**      **Federal Rule of Civil Procedure 7(b)**

19       As an initial argument, Defendants argue that the Court should deny Plaintiff's
20 motion for leave to file a second amended complaint by failing to meet the particularity
21 requirements of Rule 7(b) because Plaintiff failed to attach the proposed amended
22 complaint to her motion. Plaintiff opposes contending that neither the Federal Rules
23 nor the Local Civil Rules require that a proposed amendment be attached to a motion
24 for leave to amend a complaint.

25       Rule 7(b) of the Federal Rules of Civil Procedure provides that a motion must
26 "state with particularity the grounds for seeking the order; and state the relief sought."
27 Fed. R. Civ. P. 7(b).

28       Defendants cite to other circuits to support their argument that a proposed

pleading must be attached with a motion for leave to amend a complaint. However, these circuits also hold that a supporting brief that contains the basis of a proposed amendment could be sufficient to grant a motion for leave to amend a complaint. See Wolgin v. Simon, 722 F.2d 389, 396 (8th Cir. 1983) (appellant did not submit a proposed amendment and in its brief, did not indicate what an amended complaint would have contained); United States ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 330-31 (5th Cir. 2003) ("absence of any proposed amendments, compounded by lack of grounds for such an amendment" justifies denial of the motion to amend the complaint). Where a local rule requires that a party seeking leave to amend attach a proposed pleading, the Ninth Circuit has held that district courts do not abuse their discretion by denying leave to amend based on the party's failure to attach a proposed amended complaint. Gardner v. Martino, 563 F.3d 981, 991 (9th Cir. 2009); Waters v. Weyerhaeuser Mortg. Co., 582 F.2d 503, 507 (9th Cir. 1978).

However, in this district, the Local Rules for the Southern District of California do not require a party to file a proposed pleading when seeking leave to amend a complaint. See Stone v. Advance America, No. 08cv1549-WQH(WMc), 2009 WL 2242350, at *2 (S.D. Cal. July 24, 2009) (failure to attach a proposed amendment was not fatal because Plaintiff's substantive claims would remain by the addition of two proposed class representatives). Based on the caselaw, even if no proposed amended pleading is attached to a motion for leave to amend, it appears that if the brief supporting a motion for leave to amend the complaint, itself, provides the facts and legal theories to support grounds for an amended complaint, the failure to attach a proposed amended complaint is not critical. See Gardner, 563 F.3d at 991 (appellant failed to include a proposed copy of the amended complaint and the court noted that appellants did not propose any new facts or legal theories for an amended complaint and gave the Court no basis to allow an amendment).

In her briefing, Plaintiff seeks to add civil RICO as another cause of action and provides a sufficient factual basis to bring such a claim. To state a claim for civil

RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Odom v. Microsoft Corp., 486 F.3d 541, 547-48 (9th Cir. 2007). Elements of federal wire fraud are 1) a scheme to defraud; 2) use of the wires in furtherance of the scheme and 3) the specific intent to defraud. U.S. v. McNeil, 320 F.3d 1034, (9th Cir. 2003). Plaintiff asserts that Defendants solicited individuals abroad to conduct business with them with the intent to defraud. (Dkt. No. 31 at 4.) Plaintiff alleges the funds were transferred via money wire. (Id.) Furthermore, Plaintiff alleges that Defendant's engaged in pattern racketeering activity, by reaching out to several individuals. (Dkt. No. 26 at 6.) Therefore, the Court finds that Plaintiff has provided sufficient particularity of the grounds it seeks to amend under Rule 7(b).[1]

## II.     Federal Rule of Civil Procedure 15

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." Id.; but see Union Pacific R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991) (In practice, however, courts more freely grant plaintiffs leave to amend pleadings in order to add claims than new parties).

---

[1] Courts ordinarily do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend and defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleadings are filed. Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003) (citation omitted).

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay, (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. Foman, 371 U.S. at 182; United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, DCD Programs, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. Bowles v. Reade, 198 F.2d 752, 758 (9th Cir. 1999). The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981).

Defendants do not assert that granting Plaintiff leave to file a second amendment complaint to add a civil RICO claim would be futile, sought in bad faith, would create undue delay or othewise prejudice Defendants. Accordingly, the Court GRANTS Plaintiff's motion for leave to file a second amended complaint to add civil RICO as a cause of action.[2]

**B.  Permissive Joinder**

Plaintiff also seeks to join additional plaintiffs pursuant to Rule 20(a)(1)[3], based on newly discovered evidence. Defendant argues that permissive joinder is inappropriate.

---

[2] The Court notes that Defendants only argue they will be prejudiced if the Court were to allow the addition of two additional parties who live abroad as the cost of discovery would increase exponentially. Since the Court DENIES Plaintiff's motion to add additional plaintiffs, Defendants' argument is moot.

[3] The additional named plaintiffs are Ane Marie Lacy and Mark Carmelle Chornohus.

1    Under Rule 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) is to be construed liberally to promote judicial economy and trial convenience. League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977) (citing Mosley v. Gen. Motors, 497 F.2d 1330, 1332-33 (8th Cir. 1974)). "The 'same transaction' requirement of Rule 20 refers to 'similarity in the factual background of a claim; claims that arise out of a systematic pattern of events' and have a 'very definite logical relationship.'" Hubbard v. Hougland, No. 09-0939, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting Bautista v. Los Angeles County, 216 F.3d 837, 842-43 (9th Cir. 2000)). In addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

However, "even once [the Rule 20(a)] requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Company, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).

Here, Plaintiff seeks to add additional plaintiffs as they are victims to Defendants' fraudulent scheme. Besides stating that these additional plaintiffs are victims, Plaintiff has failed to demonstrate that these additional plaintiffs seek relief arising out of the same transaction and occurrence and that the same question of law or fact is common to all plaintiffs. In fact, Plaintiff provides no facts to demonstrate permissive joinder. As such, Plaintiff has failed to prove a definite logical relationship between the claims of the additionally named plaintiffs and Plaintiff's claim. Accordingly, the Court DENIES Plaintiff's motion for leave to add two additional

1  Plaintiffs.

## CONCLUSION

For the above stated reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File a Second Amended Complaint to add a claim for Civil RICO. The Court **DENIES** Plaintiff's Motion for Leave to File a Second Amended Complaint to add additional plaintiffs. Plaintiff shall file a second amended complaint within seven days of the "Filed" date of the Order. Since Plaintiff will be filing a second amended complaint, the Court DENIES Defendants' motion to dismiss the first amended complaint as moot. The hearing set for August 8, 2014 shall be **vacated.**

IT IS SO ORDERED.

DATED: August 5, 2014

HON. GONZALO P. CURIEL
United States District Judge